IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE                          :

                                 :

      v.                        :    Civil Action No. DKC 25-3436

                                   :

NATIONAL APARTMENT ASSOCIATION,
et al.                          :

### MEMORANDUM AND ORDER

Plaintiff filed a motion for alternative service on Defendant Ayiesha S. Beverly ("Ms. Beverly") on December 5, 2025.[1] (ECF No. 21). For the following reasons, the motion will be denied.

Plaintiff commenced this action on October 17, 2025, and paid the filing fee. (ECF No. 1). She is responsible for service and under no circumstances will the court undertake service. Nor has Plaintiff provided sufficient support for alternative service.

Plaintiff provided handwritten proposed summonses with her Complaint, typewritten proposed summonses on October 20, 2025, (ECF No. 5), and additional proposed summonses on October 28, 2025. (ECF No. 8). The court issued an Order on November 6, 2025, directing the Clerk to issue summonses to Defendants Anne Tomkinson and Ms. Beverly and to provide said summonses to Plaintiff for service. (ECF No. 11). Within that Order, Plaintiff was directed

---

[1] The Clerk docketed the motion on December 8, 2025.

to submit a revised proposed summons for the National Apartment Association ("NAA") addressed to the resident agent, president, secretary, or treasurer. Plaintiff did so on November 6, 2025, (ECF No. 14), and the court issued an Order on November 7, 2025, directing the Clerk to issue the summons to the NAA and provide it to Plaintiff for service. (ECF No. 15).

On November 24, 2025, Plaintiff filed a Declaration of Service claiming that service was effected upon Defendant Anne Tomkinson on November 19, 2025, on behalf of herself and on behalf of the NAA. (ECF No. 17).

Plaintiff filed the instant motion on December 5, 2025, seeking an Order directing the Clerk to serve Ms. Beverly by certified mail at both her home address and address of employment, by first-class mail at both her home address and address of employment, by email, and by posting at her residence.[2] (ECF No. 21). The same date, Plaintiff filed an Affidavit of Due Diligence in which private process server, Abel Emiru, relates efforts to serve Ms. Beverly at the NAA, her place of employment. (ECF No. 20). Plaintiff states that personal service on Ms. Beverly was attempted on three occasions at the headquarters of the NAA, but

---

[2] Within the motion, Plaintiff provides Ms. Beverly's home address and email address.

that Ms. Beverly was not present during any of the attempts. (ECF No. 21, at 1-3). Based on the attempts made thus far, Plaintiff alleges that Ms. Beverly is evading service.

Fed.R.Civ.P. 4(e)(2) permits service on an individual by

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Alternatively, an individual may be served by any means allowed by the state where the district court is located or the state where service is to be effected. Fed.R.Civ.P. 4(e)(1). Under Maryland law, service can be effected

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.'

Md. Rule 2-121(a). However, if the party intending to effect service presents the court with an affidavit stating that good

faith efforts to serve an individual defendant in accordance with Maryland Rule 2-121(a) have failed and service under Maryland Rule 2-121(b)[3] is impracticable, the court is permitted to "order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c).  In order to pass constitutional muster, such notice "is that which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920–21 (4th Cir. 1996) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Additionally, service outside of Maryland can be made in the manner prescribed by the rules of the state where service is to be effected if it is reasonably calculated to provide actual notice. Md. 2-121(a); *see also* Fed.R.Civ.P. 4(e)(1) (authorizing service

---

[3] Md. Rule 2-121(b) states "[w]hen proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant."  Md. Rule 2-121(b).

of individuals in accordance with the rules of the state where service is to be effected).

The Affidavit of Due Diligence details attempts to serve Ms. Beverly at her place of employment.  However, Plaintiff has not offered any affidavits detailing that other methods of service provided for in Md. Rule 2-121(a) have failed.

Accordingly, it is this 10th day of December, 2025, by the United States District Court for the District of Maryland, ORDERED that:

1.    The motion for alternative service (ECF No. 21) BE, and the same hereby IS, DENIED; and

2.    The Clerk is DIRECTED to transmit a copy of this Order to Plaintiff.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
