IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE                          :

                                :

      v.                         :   Civil Action No. DKC 25-3436

                                :

NATIONAL APARTMENT ASSOCIATION,
et al.                            :

**MEMORANDUM OPINION AND ORDER**

Plaintiff "Jane Doe" filed an employment discrimination complaint and seeks to proceed under a pseudonym and seal identifying information. (ECF No. 2). She has also moved to seal certain papers in the court file. (ECF Nos. 13, 22). For the following reasons, the motion to proceed under a pseudonym will be denied and Plaintiff will have seven days in which to notify the court whether she withdraws the complaint. If she does not dismiss the entire action she may move to redact or seal portions of the complaint but must publicly file a complaint that contains her name. The motions to seal will be granted in part and denied in part.

The Federal Rules of Civil Procedure require that a complaint "name all the parties" and that an action "be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 10(a); Fed.R.Civ.P. 17(a)(1). As the United States Court of Appeals for the Fourth Circuit has explained, there is a "general presumption

of openness of judicial proceedings." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Nevertheless, a district court may allow a litigant to proceed under a pseudonym in certain rare and extraordinary circumstances. *Id*. Five non-exhaustive factors are balanced to determine whether the circumstances warrant permission to proceed using a pseudonym:

> [(1)] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [(2)] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [(3)] the ages of the persons whose privacy interests are sought to be protected; [(4)] whether the action is against a governmental or private party; and, relatedly, [(5)] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (enumeration of factors added).

Plaintiff asserts that she is "a Black physically disabled woman and former Director of Product Management at the National Apartment Association." (ECF No. 1-1 ¶ 3). Her complaint purports to assert claims of disability discrimination and retaliation arising from her termination. In her motion to proceed under a pseudonym, which she did not file under seal, she identifies her disabilities although the precise medical and mental health

information that is in sealed attachments to the complaint is not detailed.

Plaintiff's disabilities and medical information are of a highly personal nature, and thus perhaps deserve some confidentiality. It is not, however, appropriate to achieve that result by allowing her to proceed without public disclosure of her name. Instead, judicious redaction of public documents and sealing where necessary can achieve the proper balance.

First, Plaintiff's papers are internally inconsistent. Plaintiff states that her "public profile as a Black disabled executive" heightens the risk of harm "if her name and medical circumstances become widely accessible online." (ECF No. 2, at 1). If Plaintiff already has a public profile that includes knowledge of her disability, her general concern about an invasion of her privacy is misplaced.

Defendants already know her identity and, of necessity, her disabilities, and her alleged fear of retaliation is speculative. As stated above, she already has a "public profile as a Black disabled executive," meaning her general concern of retaliation from similar details in this case is unsupported. Plaintiff has not substantiated her claim that public revelation of her identity would cause retaliatory harm from a specific source. *See Doe v. Pub. Citizen*, 749 F.3d 246, 274-75 (4th Cir. 2014) (finding

3

speculative harm is not a basis for proceeding anonymously); (ECF No. 2-1, at 1).    Plaintiff has not demonstrated extraordinary circumstances sufficient to outweigh the public's interest in transparent proceedings.  *See Pub. Citizen*, 749 F.3d at 274; *cf. Doe v. Darden Rests., Inc.*, 736 F.Supp.3d 297, 302-03 (D.Md. 2024) (granting anonymity where the alleged harasser physically assaulted and lived near the plaintiff); *Doe S.E.S. v. Choice Hotels Int'l, Inc*, No. 24-cv-3776-DKC, 2025 WL 1399235, at *2 (D.Md. May 14, 2025) (granting anonymity for a victim of sex trafficking who feared her trafficker and those connected to him).

The remaining factors are either neutral or weigh against Plaintiff.  She is not a minor and she is suing a private party, not the government.  *See Doe v. Merten*, 219 F.R.D. 387, 394 (E.D.Va. 2004) ("[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity[.]").    The final factor cuts in both directions.  Defendants are already aware of Plaintiff's identity, (ECF No. 2, at 1), and do not claim it would be unfair to them to allow Plaintiff to proceed anonymously in their response to Plaintiff's motion, (ECF No. 32), pointing in favor of anonymity. Where liability has not yet been established, however, allowing a party to proceed anonymously risks lending an unsubstantiated aura

of credibility to the anonymous party's claims.  *See James*, 6 F.3d at 241.

On balance, proceeding pseudonymously is not warranted in this case.  Plaintiff's motion to proceed under a pseudonym and seal her identifying information will be denied.  Plaintiff must notify the court within seven days whether she withdraws (dismisses) the complaint.  Alternatively, she may move to seal or redact sensitive medical information from the complaint.  If she wishes to take that route, a motion to seal with the proposed redactions must be filed within the same seven days.  In any event, a complaint with her name included must be filed on the public docket.

Plaintiff has filed two motions to seal: one seeking to seal ECF Nos. 9 and 10, (ECF No. 13), and one seeking to seal an additional twenty-six exhibits, (ECF No. 22).  Defendants did not oppose either motion.  The first motion will be granted, and the second will be granted in part and denied in part.

When ruling on a motion to seal, the court balances the public's general interest in transparent judicial proceedings against competing interests specific to the case.  *See Pub. Citizen*, 749 F.3d at 265-66; *In re Knight Pub. Co.,* 743 F.2d 231, 234 (4th Cir. 1984).  Typically, a litigant's interest in preserving the privacy of their sensitive medical information outweighs the

public's general interest in transparent proceedings. *See Rock v. McHugh*, 819 F.Supp.2d 456, 475 (D.Md. 2011). Nevertheless, the court may, at its discretion, tailor the sealing to preserve the public's right to access court records without exposing a litigant's or non-party's sensitive medical information. *Id.* at 476.

Plaintiff's first motion to seal, (ECF No. 13), seeks to seal two documents that describe her medical history in detail, (ECF Nos. 9, 10). Redactions alone are impractical for these documents, because they are entirely about her medical history. Plaintiff's interest in preserving her privacy outweighs the public interest in the proceedings. The first motion to seal, (ECF No. 13), will be granted.

The second motion, (ECF No. 22), identifies twenty-six exhibits that Plaintiff seeks to file under seal. Most should be unsealed in full.[1] Some of the exhibits contain public information such as magazine articles, (ECF Nos. 23-20; 23-21), a job posting, (ECF No. 23-17), and unanswered messages to former coworkers, (ECF No. 23-15). Others include information providing foundational context to her claim, such as Plaintiff's offer letter from NAA,

---

[1] Plaintiff will have an opportunity to withdraw any documents rather than allow them to remain on the docket unsealed. Local Rule 105.11 ("If the motion [to seal] is denied, the party making the filing will be given an opportunity to withdraw the materials.").

(ECF No. 23-2), and correspondence with the EEOC and state agencies, (ECF Nos. 23-8, 23-9, 23-11). Still others contain information from NAA internal systems or meetings, (ECF Nos. 23-18; 23-19; 23-22; 23-23), records of conversations Plaintiff had with third parties about professional opportunities, (ECF Nos. 25; 23-24; 23-25)[2], and documents related to her termination and its impact on her, (ECF Nos. 23-3; 23-4; 23-10; 23-12; 23-13; 23-16). None of these documents contain information that outweighs the public's interest in access to information, and they will be unsealed in their entirety.

A few of these documents present situations where an individual's interest in privacy outweighs the presumption of access. Two are documents that contain only Plaintiff's private medical and financial information. (ECF Nos. 23-14; 23-26). Plaintiff also includes three statements from non-parties.[3] Two former coworkers have provided "witness statements" describing their own negative experiences with Defendants, including

---

[2] One of Plaintiff's exhibits was inadvertently not filed with the others and was instead filed at ECF No. 25.

[3] Each of the witness statements is accompanied by a document styled as the non-party witness' motion to seal their statement, citing to Local Rule 105.11 and Fed.R.Civ.P. 26(c) in support. (ECF Nos. 23-5, at 8-9; 23-6, at 4; 23-7, at 4). Neither Plaintiff nor the non-parties explain why the non-parties have standing to move to seal documents in this case. Because Plaintiff also moved to seal these documents, however, the non-parties' motions are superfluous.

sensitive details about other coworkers.  The third statement is from Plaintiff's former partner, who describes the family emergency that was taking place at the time Plaintiff used the corporate credit card.  All three of these statements, (ECF Nos. 23-5; 23-6; 23-7), will remain sealed in their entirety, as the non-parties' interest in privacy outweighs the presumption of access to this information.  *See Rothman v. Snyder*, No. 20-cv-3290-PJM, 2020 WL 7395488, at *4 (D.Md. Dec. 17, 2020) (allowing documents to remain sealed in their entirety in part because they "contain private information of nonparties").

The motion to seal these twenty-six documents, (ECF No. 22), will be granted in part and denied in part.  ECF Nos. 23-5, 23-6, 23-7, 23-14, and 23-26 will remain sealed, and the remaining documents will be unsealed: ECF Nos. 23-2, 23-3, 23-4, 23-8, 23-9, 23-10, 23-11, 23-12, 23-13, 23-15, 23-16, 23-17, 23-18, 23-19, 23-20, 23-21, 23-22, 23-23, 23-24, 23-25, and 25.

Accordingly, it is this 11th day of June, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion to proceed under pseudonym and seal Plaintiff's identifying information filed by Plaintiff Jane Doe (ECF No. 2) BE, and the same hereby IS, DENIED;

2.  Within seven days, Plaintiff must notify the court whether she withdraws (dismisses) this case.  If she does not

8

withdraw the complaint, she must file a complaint that contains her name;

3.    The motion to seal exhibits filed by Plaintiff (ECF No. 13) BE, and the same hereby IS, GRANTED;

4.    The motion to seal exhibits filed by Plaintiff (ECF No. 22) BE, and the same hereby IS, GRANTED IN PART with respect to ECF Nos. 23-5, 23-6, 23-7, 23-14, and 23-26, and DENIED IN PART with respect to ECF Nos. 23-2, 23-3, 23-4, 23-8, 23-9, 23-10, 23-11, 23-12, 23-13, 23-15, 23-16, 23-17, 23-18, 23-19, 23-20, 23-21, 23-22, 23-23, 23-24, 23-25, and 25;

5.    ECF Nos. 9, 10, 23-5, 23-6, 23-7, 23-14, and 23-26 will remain sealed in their entirety;

6.    Plaintiff will have seven (7) days to withdraw any of the remaining documents she wished to seal under ECF No. 22 before they are unsealed; and

7.    The clerk will transmit copies of the Memorandum Opinion and this Order to Plaintiff Jane Doe and counsel for the parties.

_____

/s/
DEBORAH K. CHASANOW
United States District Judge

9