IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC - GREENBELT
'26 JUN 22 PM3:48

DELALI NORVOR, aka DELANEY NORVOR,
Plaintiff,
v.
NATIONAL APARTMENT ASSOCIATION;
ANNE TOMKINSON;
AYIESHA BEVERLY,
Defendants.
Civil Action No. 8:25-cv-03436-DKC

# PLAINTIFF'S MOTION TO FILE UNREDACTED AMENDED COMPLAINT UNDER SEAL

Plaintiff Delali Norvor, proceeding *pro se*, respectfully moves this Court, pursuant to Local Rule 105.11 and the Court's June 18, 2026 Order, for leave to file her unredacted Amended Complaint under seal. In support of this Motion, Plaintiff provides the following specific factual representations demonstrating that sealing is necessary to protect sensitive medical information and shield vulnerable non-party witnesses from the Defendants' documented pattern of intimidation, evidence tampering, and retaliation.

## I. SPECIFIC FACTUAL REPRESENTATIONS JUSTIFYING SEALING

### A. Documented Witness Intimidation and Fear of Retaliation

Sealing the unredacted Amended Complaint is required to protect the identities and careers of non-party witnesses who have provided evidence of Defendants' discriminatory practices. The Defendants have actively cultivated a hostile and retaliatory environment, making these witnesses reasonably fear for their professional safety. Specifically:

- Defendant Anne Tomkinson intentionally pressured a former employee, Dominique Mackey, who has ADHD, instructing her to delete evidence by SMS texting regarding an altered 90-day performance review—a direct act of evidence tampering.

- Defendant Ayiesha Beverly, acting as General Counsel, conducted a "sham investigation" to protect Defendant Tomkinson and explicitly threatened the former Director of Human Resources, Susan Wasem, after Ms. Wasem filed an EEOC complaint. According to sworn testimony, Defendant Beverly told Ms. Wasem, "Well, you filed an EEOC complaint, so that might pan out for you. You never know," repeating the threat twice as she was escorting Wasem out to her car because they had just terminated her. Defendant Beverly then bluntly stated, "My job as General Counsel is to protect NAA — not you".

- The CEO's former executive assistant, LaKeesha Wilson, who previously warned the C-Suite and Defendant Beverly about Defendant Tomkinson's conduct before her own abrupt termination, has explicitly expressed fear and deep concerns about being involved or mentioned in this case because she does not trust the Defendants.

- Defendants have directed or encouraged current and former employees to sever contact with Plaintiff, effectively isolating her and silencing potential witnesses. Following her termination, Defendant Tomkinson blocked Plaintiff on LinkedIn, despite Plaintiff never having reached out to or contacted her post-termination. Furthermore, the Director of Accounting blocked Plaintiff when she inquired about corporate card procedures, and when Plaintiff sought references from her former direct and indirect reports, none responded. This coordinated isolation is consistent with a profound fear of retaliation or orchestrated directives from Defendants Tomkinson and Beverly to avoid contact.

**B. Executive Bullying, Hypocrisy, and Malice**

The unredacted record contains specific allegations of malice and bullying by the C-suite that underscore why the identities of corroborating witnesses must be shielded.

- During Plaintiff's abrupt 15-minute termination call, Defendant Tomkinson threatened that the organization "could have pressed charges" over a fully reimbursed, self-disclosed emergency expense.

- Defendant Ronald "Ron" Skinner, who previously admitted in a meeting that the corporate card policy was "draconian," remained entirely silent during this termination call, but smiled and nodded in approval when Defendant Tomkinson made her criminal threats.

- This hypocritical and aggressive enforcement of policy—weaponized only after Plaintiff engaged in protected advocacy—demonstrates that Defendants will use their corporate authority to punish anyone who challenges them.

**C. Protection of Sensitive Medical and Personal Information**

The unredacted Amended Complaint contains highly sensitive personal data that warrants protection from public disclosure, including:

- Specific details of Plaintiff's medical conditions, including dystonic cerebral palsy, selective mutism, and fibromyalgia.

- Deeply private information regarding a non-party family emergency involving a former partner's toddler siblings avoiding foster care, which was the underlying context for the fully repaid corporate card charge.

**II. INADEQUACY OF ALTERNATIVES TO SEALING**

Simple redaction on the public docket is sufficient for the public's right to access the general nature of this dispute. However, an unredacted version must be filed securely with the Court to preserve the complete factual record. Allowing the unredacted version to become public or

accessible to the Defendants outside of a strictly controlled discovery environment would expose non-party witnesses to the exact retaliatory behaviors—such as forced evidence deletion and professional blacklisting—that are central to Plaintiff's claims. Given the Defendants' demonstrated willingness to abuse their power, no alternative short of sealing the unredacted document will adequately protect these individuals from Defendants' "path of destruction". This is particularly the reason why Plaintiff used pseudonymity and sealing to protect her witnesses.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and accept the attached unredacted Amended Complaint as a sealed document, inaccessible to the public, to protect the safety of witnesses and the integrity of these proceedings. Furthermore, having provided both the public redacted version and this sealed unredacted version in good faith compliance with the Court's directives, Plaintiff respectfully leaves it entirely to the Court's discretion to decide which version it prefers to utilize as the operative Amended Complaint moving forward.

Respectfully submitted,

Delali Norvor, aka Delaney Norvor
Plaintiff, *Pro Se*
Dated: June 18, 2026
10516 John Glenn St
Lanham, MD 20706
Contact: delalinorvor@icloud.com