**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DELALI NORVOR, aka<br>DELANEY NORVOR,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL APARTMENT<br>ASSOCIATION, et al.<br><br>Defendants. | Civil Action No. 8:25-cv-03436-DKC |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION**
**FOR SANCTIONS, COSTS, AND EVIDENTIARY ADVERSE INFERENCES**

Defendant National Apartment Association ("NAA"), Defendant Anne Tomkinson, and Defendant Ayiesha Beverly (collectively, "Defendants"), by and through their undersigned counsel, oppose Plaintiff Delaney Norvor's (Plaintiff's) Omnibus Motion for Sanctions, Costs, and Evidentiary Adverse Inferences [ECF No. 57] (the "Motion"). Defendants oppose every ground, allegation, and request for relief in the Motion. The Motion should be denied in its entirety.

## I. Introduction

Plaintiff's Motion is wholly frivolous. Plaintiff seeks extraordinary sanctions by presenting serious accusations as fact without supporting them with evidence. Even though she is proceeding pro se, Plaintiff's Motion crosses the line as it is a waste of this Court's time and Defendants' resources, and is patently unreasonable.

Plaintiff asks the Court to sanction Defendants and their counsel because Defendants sought the Court's direction on an issue Plaintiff herself created: which version of her amended complaint is operative. Plaintiff labels Defendants' July 6 opposition as "obstruction" and bad

faith warranting sanctions; however, the procedural record establishes the opposite. Plaintiff filed a redacted amended complaint, moved to seal an unredacted version, and expressly asked the Court to decide "which version it prefers to utilize as the operative Amended Complaint moving forward." Defendants then asked the Court to resolve the operative pleading issue before requiring a response to an operative pleading. There is nothing sanctionable or improper abut Defendants' filing.

Plaintiff's Motion also seeks to use the discovery rules to imposes sanctions on Defendants even though discovery has not begun and no discovery schedule has been entered. Plaintiff essentially argues that Defendant did not preserve ESI but makes only confusing allegations to this point with no evidence. Plaintiff also argues that defense counsel's conduct during pre-litigation settlement discussions entitles her to sanctions, which is an entirely meritless argument. Nothing in Plaintiff's Motion establishes any evidence of misconduct by Defendants or counsel.

The Motion asks the Court to sanction Defendants and their counsel, impose a mandatory adverse inference establishing discriminatory and retaliatory animus, strike defenses, accelerate Defendants' response deadline, and award any other relief. Plaintiff provides no basis for any relief in her frivolous Motion. The Court should deny the Motion in its entirety. Defendants also ask the Court to require Plaintiff to obtain leave prior to the filing of any future motion for sanctions.

## II. Background

On June 11, 2026, the Court denied Plaintiff's request to proceed under a pseudonym and directed Plaintiff to file a complaint containing her name on the public docket if she wished to continue the action. [Dkt. No. 41]. The Court permitted Plaintiff to redact sensitive medical

information and allowed certain non-party witness statements containing private information to remain sealed. *Id.*

After Plaintiff filed a redacted amended complaint without first obtaining leave to proceed on redactions, the Court entered an Order on June 18, 2026. *See* [Dkt. No. 49]. The June 18 Order directed Plaintiff either to file a public, unredacted amended complaint or, if she wished to proceed on the redacted amended complaint, to file a motion to seal supported by specific factual representations justifying each requested sealing. *Id.* The June 18 Order further required Plaintiff to provide an unredacted amended complaint with any motion to seal. *Id.*

Plaintiff did not comply with the Court's June 18 Order. Instead, Plaintiff filed a motion for leave to file an unredacted amended complaint under seal. [Dkt. No. 50]. In that motion, Plaintiff asked the Court to decide "which version it prefers to utilize as the operative Amended Complaint moving forward." *Id.*

On July 6, 2026, Defendants opposed Plaintiff's motion to seal, and they had every right to do. [Dkt. No. 54]. Defendants explained that the Court's June 11 and June 18 Orders allowed Plaintiff to seek narrowly tailored protection for genuinely sensitive information, not wholesale redactions of names, employment-related facts, and allegations related to the merits. *Id.* Defendants also requested that any deadline to answer or otherwise respond run only after Plaintiff filed a proper operative amended complaint that complied with the Court's Orders. *Id.*

On July 21, 2026, before the Court ruled on Plaintiff's motion to seal or determined which amended complaint is operative, Plaintiff filed the present Motion. Plaintiff invokes 28 U.S.C. § 1927, the Court's inherent authority to sanction, Federal Rule of Civil Procedure 37(e), Local Rule 104.7, and the Discovery Guidelines. [Dkt. No. 57. at 1, 5–6].

Discovery has not begun. No discovery schedule has been entered. Plaintiff identifies no discovery request, disputed response, discovery conference request, or discovery order. Plaintiff

nevertheless asks for monetary sanctions, a mandatory adverse inference, striking of defenses, an accelerated answer deadline, and other relief. *Id.* at 6.

## III. Argument

### A. Plaintiff Has Not Established Sanctionable Conduct Under Section 1927, <u>the Court's Inherent Authority, Local Rule 104.7, or Any Other Authority.</u>

#### *1. Plaintiff Fails to Establish Sanctionable Conduct Under Section 1927.*

Plaintiff's Section 1927 request rests on her claim that Defendants' July 6 opposition was "obstruction" designed to manufacture delay. [Dkt. No. 57 at 1–3]. The procedural record defeats this claim. Plaintiff cannot convert Defendants' request for direction on an unresolved operative-pleading issue into bad-faith multiplication of proceedings.

Section 1927 applies only when an attorney acts in bad faith, unreasonably and vexatiously multiplies proceedings, and directly causes identifiable excess costs. *See* 28 U.S.C. § 1927; *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 519–20 (4th Cir. 2018). The statute is compensatory, not punitive. It therefore requires a causal link between particular wrongful conduct, "unreasonable and vexatious multiplication of proceedings," and fees and expenses sought. *Six*, 891 F.3d at 520.

*Six* demonstrates how far Plaintiff's Motion falls short. The sanctioned attorneys spent two years challenging the authenticity of a loan agreement, made affirmative misrepresentations, omitted the existence of the identical document while encouraging the courts to question authenticity, failed to correct known misimpressions, and continued to advance inconsistent explanations. *Id.* The conduct in *Six* forced needless relitigation, generated an appeal, and caused identifiable fees and expenses tied to the attorney's deception. *See id.*

Nothing comparable is alleged here—much less established. Defendants filed one opposition addressing Plaintiff's request to seal and the resulting uncertainty over the operative

pleading. Plaintiff now labels the filing as "manufactured" and "bad faith." Defendants were entitled to oppose Plaintiff's Motion to Seal as improper under the Court's June 18, 2026 Order, and then expressly asked the Court to decide which amended complaint would be operative. *Compare* [Dkt. No. 49], *with* [Dkt. No. 54]. This is ordinary litigation advocacy—not bad-faith conduct, an effort to mislead the Court, or unreasonable and vexatious multiplication of proceedings.

Plaintiff does not meet the Section 1927 standard. The Motion identifies no affirmative misrepresentation by counsel, concealed document, violated court order, unnecessary proceeding caused by counsel, or expense Plaintiff incurred because of a particular act of counsel. Nothing about Defendants' filing supports sanctions.

The Motion therefore provides no basis for sanctions under Section 1927, whether against defense counsel personally or Jackson Lewis P.C.

***2. Plaintiff Provides No Basis for The Court's Inherent Authority to Sanction.***

Plaintiff's request for the Court to use its inherent authority to sanction fails for the same reasons as above. A court may use its inherent authority to address conduct that abuses the judicial process, but this authority is exercised with restraint and requires a supported finding of bad faith. *Harvey v. Cable News Network, Inc.*, 48 F.4th 257, 280–82 (4th Cir. 2022) (finding that "the district court's inherent authority require[s] severe misconduct reflecting clear bad faith"); *Six*, 891 F.3d at 519.

Plaintiff's asserted bad faith arises from the same filing—ECF No. 54—and the same unresolved procedural issue. Plaintiff labels Defendants' request for direction "obstruction," then adds pre-suit settlement communications, alleged employment conduct, and allegations involving nonparties to portray ordinary advocacy as a broader campaign of misconduct. Those allegations do not establish counsel abusing the judicial process or support a finding of bad faith.

Plaintiff's Motion has not shown counsel knowingly made a false statement to the Court, concealed identified evidence, or disobeyed a court order. Plaintiff cannot obtain an inherent-power sanction by asserting only that counsel must have acted with improper motives. The record must support the finding of bad faith for the Court to exercise its inherent authority to sanction, and this record does not.

#### ***3. Local Rule 104.7 Does Not Support Sanctions or Any Other Requested Relief.***

Plaintiff's reliance on Local Rule 104.7 and Discovery Guideline 1.d is improper and her arguments fail because Plaintiff identifies no discovery dispute to which the Rule applies.

Local Rule 104.7 governs conferral before seeking court intervention on a motion to compel related to discovery disputes. Discovery has not begun. Plaintiff identifies no discovery request, disputed discovery response, request to confer about a discovery dispute, or discovery order. The Rule is not applicable here. Moreover, the Rule does not create a free-standing requirement that counsel respond to communications where no response is required. There is no discovery dispute, and no violation of Local Rule 104.7.

Plaintiff has not established sanctionable conduct under any authority she invokes. Her request for monetary sanctions and any other sanctions relief should be denied.

### **B. Plaintiff's Spoliation Theory Is Entirely Unsupported and Cannot Support the Motion's Requested Relief.**

Plaintiff asks the Court to impose a mandatory adverse inference establishing discriminatory and retaliatory animus based on an alleged spoliation theory for which she provides no factual foundation. This request is both unsupported and premature given it asks the Court to decide disputed merits issues based on unconfirmed allegations.

Rule 37(e) applies only when ESI should have been preserved in anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it and the information

cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). A court may impose curative measures only upon a finding of prejudice. *Id.* 37(e)(1). A mandatory adverse inference, presumption, dismissal, or default requires a finding that the party acted with intent to deprive another party of the information's use in litigation. *Id.* 37(e)(2).

Plaintiff does not come close to establishing any of the Rule 37(e) requirements. She does not identify a single item of ESI lost. She does not identify a preservation step Defendants failed to take. She does not allege any information cannot be restored or replaced. She does not establish prejudice. She does not identify the custodian, system, or device that supposedly contained the lost ESI. She does not identify when it was lost. Ultimately, she offers no factual basis for an intent-to-deprive finding.

Instead, Plaintiff makes sweeping assertions that Defendants "suppressed," "altered," or "omitted" records and communications. [ECF No. 57 at 4–6]. Yet, the Motion does not transform those assertions into evidence. Plaintiff's claim that another person was allegedly asked to delete an altered performance review is not an identified loss of ESI by Defendants, let alone evidence that Defendants failed to preserve ESI with the intent to deprive Plaintiff of its use in this action. Plaintiff cannot obtain an adverse inference by merely asserting documents must have existed and would have supported her claims. The Court should not entertain a request for a mandatory adverse inference based on nothing more than Plaintiff's unsupported speculation before the Parties begin discovery.

The Court should deny Plaintiff's request for a mandatory adverse inference and all other requested evidentiary relief.

### C. Plaintiff Has Not Established a Basis to Strike Defenses, Alter the Deadline for a Responsive Pleading, or Award Any Other Relief.

Plaintiff's remaining requests depend on the same unsupported allegations and seeks relief the Motion does not justify.

Plaintiff asks the Court to strike defenses concerning alleged gross misconduct, progressive discipline, and policy compliance; however, her conclusive assertions are legally insufficient. She also does not identify an order Defendants violated or other sanctionable conduct that would support striking a defense. Instead, she asks the Court to strike defenses because she disputes the facts Defendants may rely upon. That is not a basis to strike defenses.

Plaintiff also asks the Court to deny Defendants' requested relief concerning the deadline to answer and order Defendants to answer within seven days. *Id.* This request ignores the procedural posture of the case. The Court has not yet resolved Plaintiff's motion to seal or determined which amended complaint will be operative. As Defendants explained in ECF No. 54, that determination necessarily precedes any deadline to answer or otherwise respond to an operative amended complaint.

Finally, Plaintiff's request for "such other relief" also should be denied. Plaintiff has not established sanctions under Section 1927, the Court's inherent authority, Rule 37(e), Local Rule 104.7, or any other authority. The Motion does not establish a discovery violation, lost ESI, prejudice, bad faith, or any factual predicate for additional relief. There is no basis for any other relief.

### D. Plaintiff's Pro Se Status Does Not Alter the Applicable Standards or the Requirement for Plaintiff to Make Accurate Representations to the Court.

Defendants recognize Plaintiff is proceeding without counsel; however, Plaintiff's status does not excuse noncompliance with the Federal Rules or the filing of frivolous motions against defense counsel. It would take only a modicum of research for Plaintiff to discover that she needs

evidence to support serious allegations against counsel, that the discovery rules apply to discovery, and that failing to agree during settlement discussions is not sanctionable.

Additionally, to the extent Plaintiff seeks sanctions based on Defendants' or counsel's allegedly frivolous, false, or improper court filings—including ECF No. 54—Plaintiff also bypassed Rule 11's required procedure. Rule 11 required Plaintiff to serve Defendants with the sanctions motion and give them 21 days to withdraw or correct the challenged filing before filing any Rule 11 motion with the Court. Plaintiff did not do that. Plaintiff's effort to seek sanctions based on her characterization of ECF No. 54 as "manufactured," false, or obstructive—without following Rule 11's procedure—provides an additional reason to deny the Motion.

Given the frivolous nature of Plaintiff's Motion, Defendants ask the Court to require Plaintiff to seek leave before she is permitted to file any future motion for sanctions.

## IV. Conclusion

Plaintiff's Motion identifies no sanctionable conduct, no discovery violation, no lost ESI, and no basis for the evidentiary, pleading, case-management, monetary, or other relief she seeks. Defendants oppose every aspect of the Motion. For these reasons, Defendants respectfully request the Court deny Plaintiff's Omnibus Motion for Sanctions, Costs, and Evidentiary Adverse Inferences in its entirety, including each request for relief.

Dated: August 4, 2026

Respectfully submitted,

*/s/ John M. Remy*

John M. Remy (MD Bar No. 15512)
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Main: (703) 483-8300
Fax: (703) 483-8301
John.Remy@jacksonlewis.com

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2026, a true and accurate copy of this Opposition was filed using the Court's CM/ECF system, which will serve the same upon Pro Se Plaintiff.

Delaney Norvor
10516 John Glenn St.
Lanham, MD 20706

***Plaintiff Pro Se***

*/s/ John M. Remy*

John M. Remy (MD Bar No. 15512)
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive, Suite 400
Reston, VA 20191
Main: (703) 483-8300
Fax: (703) 483-8301
John.Remy@jacksonlewis.com

***Counsel for Defendants***